IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RODGER DWAYNE STEPHENSON, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:19-CV-222-Z-BQ |
| GRAY COUNTY SHERIFF DEPT., et al., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Under Special Order No. 3-251, this case was automatically referred to the undersigned United States Magistrate Judge for further proceedings. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

## I.  Background

Pro se Plaintiff Rodger Dwayne Stephenson filed this 42 U.S.C. § 1983 action on December 5, 2019, in the United States District Court. ECF No. 3. Under Special Order No. 3-251, the case was automatically referred to the undersigned United States Magistrate Judge for further proceedings. In accordance with this Court's order (ECF No. 6), Stephenson filed an Amended Complaint, alleging that Defendants violated his constitutional rights during and after his June 8, 2019, arrest. Am. Compl. 3–4, ECF No. 8.[1] After granting Stephenson permission to proceed *in forma pauperis*, the undersigned reviewed Stephenson's Amended Complaint, as well as authenticated records from the Gray County Sheriff's Office, and ordered Stephenson to

---

[1] Page citations to Stephenson's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

complete a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976), which he completed and returned.[2] ECF Nos. 29, 32.

Pursuant to Special Order No. 3-251, the undersigned makes the following findings and conclusions and recommends that Stephenson's claims against the Gray County Jail Administrator "Mrs. Burns," the Gray County District Attorney, Gray County Sheriff's Department, Gray County Jail Center, and Gray County 31st District Court, as well as his claim against Deputy JC Skinner for conversion, be dismissed in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).[3] The undersigned further recommends that the District Court dismiss Stephenson's claim seeking release from jail.

## II.  Standard of Review

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a

---

[2] Although Stephenson did not timely return the questionnaire, the Court has considered his responses in screening his Amended Complaint. *See* ECF Nos. 29, 31, 32.

[3] Stephenson has also named as a Defendant Gray County Sheriff's Office Deputy Nathan Smith. In addition to the claims against the Defendants named herein, Stephenson has alleged excessive force and bystander liability claims against Deputies Skinner and Smith. The Court has, by separate order, found that such allegations survive screening and ordered Deputies Skinner and Smith to answer or otherwise plead as to those claims.

prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified or authenticated" (internal quotations omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

### III. Discussion

#### A. Stephenson's Claims

This FCR addresses Stephenson's claims against the following Defendants: (1) Gray County Sheriff's Office Chief Deputy JC Skinner; (2) Gray County Jail Administrator Mrs. Burns; (3) Gray County District Attorney; (4) Gray County Sheriff's Department; (5) Gray County Jail Center (Jail); and (6) Gray County 31st District Court. Am. Compl. 1, 3; Questionnaire 1, ECF No. 32. Construing his allegations liberally, Stephenson brings five distinct claims of alleged constitutional violations, i.e., that: (1) Deputy Skinner converted or otherwise "kept" his money during the June 8, 2019, arrest; (2) Administrator Burns did not respond, or inadequately

responded, to his grievances; (3) the Gray County District Attorney "stoped [sic] relief of Prosecution (P.C.) 32.01, when Time Limit expired"; (4) the Jail prevented him from making complaints; and (5) the Gray County 31st District Court did not answer his filings. Am. Compl. 1–7; Questionnaire 1–4.

Stephenson asserts that during his June 8 arrest, Deputy Skinner "kept [his] money"—about $200.00. Am. Compl. 3; Questionnaire 4. Stephenson states that Deputy Skinner "pulled [t]he money out of [Stephenson's] pocket" and, although Stephenson asked Deputy Skinner to inventory the money, Skinner told him not to "worry about that." Questionnaire 2–4. Stephenson claims that the money was intended for bail, but it was never returned to him. *Id.*

While detained at the Jail, Stephenson avers that Administrator Burns failed to answer, or inadequately responded to, grievances he filed, and she refused to provide a notary so that he could file a complaint with the Office of the Attorney General. Am. Compl. 3–4; Questionnaire 6. Stephenson states that "[e]very person has the [r]ight to complain about abusive behavior" and that, as a result of Administrator Burns's actions, "[j]ustice was taken away from [him]." Questionnaire 6.

Finally, Stephenson contends that the Gray County District Attorney "[s]toped [sic] [r]elief of [p]rosecution" by not dismissing charges against him. Am. Compl. 3. Stephenson additionally accuses the Gray County 31st District Court of not responding to his motions and letters. *Id.* Stephenson concedes, however, that an attorney represented him in state criminal proceedings. Questionnaire 7. As a result of the foregoing alleged constitutional violations, Stephenson asks this Court to "Relieve [him] of Losses" and jail time as well as award punitive damages. Am. Compl. 4.

**B. Stephenson fails to state a cognizable cause of action under § 1983 based on Deputy Skinner's alleged wrongful confiscation of money.**

Stephenson avers that when Deputy Skinner arrested him on June 8, 2019, he had approximately $200.00 in his pocket. Questionnaire 2, 4. Stephenson claims he asked Deputy Skinner to inventory the money, but Skinner did not. *Id.* at 2. According to Stephenson, the money did not make "it too [sic] Booking," nor was it ever returned to him. *Id.*

An official's actions—whether negligent or intentional—that result in a loss of property give rise to a state tort action rather than a federal civil rights claim. Indeed, a state actor's negligence that results in an unintentional loss of property does not violate the Constitution. *See Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988). Similarly, an intentional deprivation of personal property does not state a viable constitutional claim as long as the prisoner has access to an adequate post-deprivation state remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) (citing several cases for support) ("An inmate's allegation that his personal property was lost, confiscated, or damaged does not state a claim under 42 U.S.C. § 1983, even when prison officials acted intentionally.").

The State of Texas provides an adequate post-deprivation remedy for persons asserting claims such as those raised herein by Stephenson—the filing of a lawsuit for conversion in state court. *See, e.g., Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). Assuming, without finding, that Deputy Skinner did wrongfully confiscate and fail to return Stephenson's property, as alleged, Stephenson may have a cause of action in state court; however, he cannot pursue a federal constitutional claim. *DeMarco v. Davis*, 914 F.3d 383, 387 (5th Cir. 2019) (affirming dismissal of prisoner's claim that defendant seized his religious materials in violation of TDCJ policy because "Texas's tort of conversion provides an adequate post-deprivation remedy for prisoners claiming loss of property without due process"); *Oliver v. Brown*, No. 3:10–CV–2154–B–BK,

2012 WL 5830480, at *3 (N.D. Tex. Oct. 31, 2012) (explaining that plaintiff's "claim based on the alleged seizure of money and possessions by the police officers during arrest is legally frivolous" because plaintiff had available Texas state post-deprivation remedies), *R. & R. adopted by* 2012 WL 5834587 (N.D. Tex. Nov. 15, 2012). For these reasons, the District Court should dismiss Stephenson's claim against Deputy Skinner for the alleged confiscation of his money.

### C. Stephenson has no constitutional right to a grievance process or to grievance responses.

Stephenson contends that Administrator Burns either did not respond to his grievances or that her responses were unhelpful. Am. Compl. 3–4; *see* Questionnaire 6. Stephenson generally alleges that Administrator Burns's failure to adequately respond to his grievances violated his due process rights because he was not "able to complain" and his criminal "charges might have been Drop[ped] Long before." Questionnaire 6. Stephenson also claims that he attempted "to handwrite a conplaint [sic] to The Attorney Gen. office," but he could not complete it because Administrator Burns failed to provide a notary. *Id.*

Stephenson has no constitutional right to have grievances resolved to his satisfaction. *Geiger*, 404 F.3d at 374; *see Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012) (rejecting appellant's claim that prison official's failure to conduct an adequate investigation into his grievance implicated due process concerns "because [appellant] lacks a protected interest in a favorable resolution to his grievances"); *Aron v. Green*, No. 4:14–CV–109–A, 2014 WL 1917543, at *2 (N.D. Tex. May 12, 2014) ("Denying plaintiff's grievances, or failing to resolve them in the manner preferred by plaintiff, is not a violation of plaintiff's constitutional rights."). Nor does he possess a liberty interest in having access to a prison grievance procedure.[4] *See, e.g., Geiger*, 404

---

[4] To the extent Stephenson claims Administrator Burns denied him access to a notary, he also cannot state a cognizable constitutional claim. *See, e.g., Ham v. Sterling*, Civil Action No.: 6:16-cv-02555-JMC, 2017 WL 3484278, at *3 (D.S.C. Aug. 15, 2017) (reasoning that even if denial of notary services "f[e]ll under a prisoner's general right of

6

F.3d at 374; *Hawes v. Stephens*, CIVIL ACTION NO. 6:16cv442, 2019 WL 2469438, at *15 (E.D. Tex. Feb. 4, 2019) ("A prison system is not required to establish grievance procedures, and inmates do not have a basis for a lawsuit because a prison system has not established grievance procedures or fails to adhere to it."). Additionally, even assuming Stephenson was not permitted to complain about unidentified issues in his state criminal case, Stephenson was represented by counsel and has not specified how the Jail could have helped him obtain dismissal of the criminal charges. Stephenson has therefore failed to show any injury stemming from the purported failure to consider his grievances. *See Bell v. Woods*, 382 F. App'x 391, 393 (5th Cir. 2010) (affirming dismissal of prisoner's claim that defendant did not process his grievance in part because prisoner had failed to demonstrate any injury resulting from the alleged failure).

In sum, Stephenson's claim that Administrator Burns inadequately responded to his grievances in violation of his due process rights is without merit. Based on the foregoing, the District Court should dismiss Stephenson's claims against Administrator Burns.

### D. The District Court should dismiss Stephenson's claims against the Gray County District Attorney because he is absolutely immune from suit.

Prosecutors have absolute immunity from suits brought under § 1983 so long as the claims arise from the prosecutor's function as an officer of the court. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342–43 (2009); *Cousin v. Small*, 325 F.3d 627, 631–32 (5th Cir. 2003) (noting that prosecutorial immunity applies to "all actions which occur in the course of [the prosecutor's] role as an advocate for the State" (internal quotation marks omitted) (alteration in original)). It is within the traditional function of prosecutors to decide which charges to bring. *Stewart v. Caldwell*, Civil

---

access to courts, [case law] makes clear that prisons are only obligated to provide inmates access to notaries when not doing so would limit the inmates' abilities to litigate claims affecting their incarceration"); *Robinson v. Conner*, Civil Action No. 2:12–CV–397–TMH, 2012 WL 2358955, at *4 (M.D. Ala. May 31, 2012) (stating that prisoner does not have "any constitutional right of access to a notary public").

Action No. 10-1913, 2011 WL 837154, at *2 (E.D. La. Feb. 2, 2011) (citing *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997)), *R. & R. adopted by* 2011 WL 835457 (E.D. La. Mar. 3, 2011); *see Burge v. Par. of St. Tammany*, 187 F.3d 452, 478 (5th Cir. 1999). The Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [section] 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Stephenson pleads no facts demonstrating that the Gray County District Attorney (DA) was acting outside his function as an advocate for the State of Texas. *See* Am. Compl. 3 (claiming that the DA "stoped [sic] relief of prosecution (P.C.) 32.01, when Time Limit expired"). As such, absolute immunity attaches to the DA's alleged actions, and he is insulated from liability in this case. The District Court should therefore dismiss Stephenson's claim against the DA.

### E. Stephenson's claims against nonjural entities should be dismissed.

"Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, Civil Action No. 3:07-CV-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007); *see Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)) ("In Texas, county sheriff's and police departments generally are not legal entities capable of being sued, absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority.'"); *see also Samuel of the Family Jeter v. Child Support Div.*, Civil Action No. 3:18-CV-273-L-BH, 2018 WL 6185546, at *8 (N.D. Tex. Nov. 5, 2018) (stating that "it is well-established that a county court is a non-jural entity that is not subject to suit"), *R. & R. adopted by* 2018 WL 6181283 (N.D. Tex. Nov. 27, 2018).

Stephenson has not pleaded any facts showing that the Jail, Gray County Sheriff's Department, and Gray County 31st District Court are separate jural entities subject to suit. *See*

Am. Compl. 3–4. Thus, the District Court should dismiss Stephenson's claims against the Jail, Gray County Sheriff's Department, and Gray County 31st District Court.

### F. Stephenson seeks injunctive relief that this Court is unable to provide.

Stephenson asks this Court to "[r]elieve [him] of . . . [j]ail [t]ime" as a remedy for Defendants' alleged constitutional violations. Am. Compl. 4. To the extent Stephenson seeks release from jail, such remedy is inappropriate in this § 1983 action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Whitfield v. Bd. of Pardons & Paroles*, No. 3:11–CV–2037–N–BH, 2011 WL 5986013, *2 (N.D. Tex. Sept. 14, 2011) ("Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, so he fails to state a cause of action upon which relief may be granted on his claim for release."), *R. & R. adopted by* 2011 WL 5980038 (N.D. Tex. Nov. 30, 2011); *Lewis v. Meier*, No. 3:01–CV–1574–R, 2002 WL 31156668, at *2 (N.D. Tex. Sept. 24, 2002) (finding that plaintiff's request for release from jail was "an inappropriate remedy in an action brought pursuant to 42 U.S.C. § 1983"; thus, plaintiff only asserted "one proper basis for relief under § 1983, *i.e.* monetary damages"). The undersigned therefore recommends that the District Court dismiss Stephenson's claims for relief based on release from jail.

### IV. Recommendation

Based on the foregoing, the undersigned recommends that the United States District Court dismiss with prejudice Stephenson's claims against Administrator Burns, the Gray County District Attorney, Gray County Sheriff's Department, Gray County Jail Center, and Gray County 31st District Court, as well as his claim against Deputy JC Skinner for conversion. The undersigned further recommends that the District Court dismiss Plaintiff's claims for relief based on release from jail.

## V. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November 24, 2020.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE