IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RODGER DWAYNE STEPHENSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:19-CV-222-Z-BQ |
| | § | |
| GRAY COUNTY SHERIFF DEPT., et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Under Special Order No. 3-251, this 42 U.S.C. § 1983 action was automatically referred to the undersigned United States Magistrate Judge for further proceedings. Before the Court is Defendants J.C. Skinner and Nathan Smith's (collectively, Defendants) motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 41. For the reasons states herein, the undersigned recommends that the United States District Judge **GRANT in part** Defendants' motion.

## I.   Procedural History

### A. Preliminary Screening

Pro se Plaintiff Rodger Dwayne Stephenson filed this 42 U.S.C. § 1983 action on December 5, 2019, in the United States District Court. ECF No. 3. Stephenson subsequently filed an Amended Complaint. ECF No. 8. After granting Stephenson permission to proceed *in forma pauperis*, the undersigned reviewed Stephenson's Amended Complaint, as well as authenticated records from the Gray County Sheriff's Office, and ordered Stephenson to complete a

questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976), which he completed and returned.[1] ECF Nos. 29, 32.

After considering Stephenson's Amended Complaint, his questionnaire responses, authenticated records provided by the Gray County Sheriff's Office, and applicable law, the Court determined that Stephenson's claims that Defendants used excessive force and that Defendant Smith failed to "stop the Abuse" survived preliminary screening; Stephenson's remaining claims were dismissed. *See* ECF Nos. 33, 34, 38, 39. The Court entered an order on November 24, 2020, directing service and requiring an answer or other responsive pleading from Defendants with respect to Stephenson's excessive force and bystander liability claims. ECF No. 34.

### B. Stephenson's Allegations

Stephenson asserts that on June 8, 2019, Gray County Sheriff's Office Chief Deputy J.C. Skinner and Deputy Nathan Smith[2] used excessive force, and Deputy Smith failed to "stop the Abuse." Questionnaire 1–2; *see* Am. Compl. 3–4, ECF No. 8.[3] According to Stephenson, Deputy Skinner tazed him "after [Stephenson] [s]urrendered," and while being tazed, Skinner "came behind [Stephenson] and put his [a]rm across [Stephenson's] throat." Questionnaire 2. Stephenson avers that he passed out and, when he came-to, Deputy Skinner was "[b]eating [him] in the [h]ead." *Id.* Stephenson further alleges that Deputy Smith tazed him while Deputy Skinner was "choking and [b]eat[ing] [Stephenson]" and "Made No effort to stop the Abuse." *Id.* Stephenson generally alleges that his back and neck were injured during the incident and seeks

---

[1] Although Stephenson did not timely return the questionnaire, the Court considered his responses in screening his Amended Complaint. *See* ECF Nos. 29, 31, 32.

[2] Stephenson identified Deputy Smith only by his surname. *See* Questionnaire 1, ECF No. 32. The motion confirms, however, that Smith's first name is "Nathan." Mot. 1, ECF No. 41.

[3] Page citations to Stephenson's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

"Relieve [sic] of Losses To Date . . . [and] Punitive Damages." Am. Compl. 4; Questionnaire 2 ("My Back and neck feels better Now after Learning to Live with pain.").

### C. Defendants' Motion to Dismiss

On December 31, 2020, Defendants filed a motion to dismiss and brief in support. ECF No. 41. Stephenson did not file a response. Defendants principally argue that the Court should dismiss this action for want of prosecution because Stephenson has not kept his mailing address current. Mot. 1–2. Alternatively, Defendants contend "it is unclear" whether Stephenson asserts an official capacity claim; therefore, they "must" file a Rule 12 motion. *Id.* at 2.[4] To the extent Stephenson raises an official capacity claim, Defendants assert it should be dismissed because he has failed to plead adequate facts establishing liability. *See id.* at 2–9.

## II.    Discussion

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if, *at any time*, the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*).

### A. Standard for Evaluating a Motion to Dismiss Under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[4] Despite Defendants' acknowledgement that Stephenson has asserted individual capacity claims against them (*see* Mot. 4, 9), Defendants' motion does not address such claims nor have Defendants filed an answer herein.

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering 12(b)(6) motions, courts must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). A court need only determine whether the plaintiff has stated a legally cognizable claim; it does not evaluate whether the plaintiff is ultimately likely to prevail. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (citing *Fee v. Herndon*, 800 F.2d 804, 807 (5th Cir. 1990)). Rule 12(b)(6) motions are disfavored and granted sparingly. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

### B. Official or Individual Capacity

The Court's order requiring Defendants to answer Stephenson's claims did not explicitly address the question of whether Stephenson sought relief against Defendants in their official or individual capacities. *See* ECF No. 34. Indeed, Stephenson does not specify—either in his Amended Complaint or his questionnaire responses—whether he intended to sue Defendants in their official capacity, individual capacity, or both. *See* Am. Compl. 4; Questionnaire 1–2.

While "official capacity is presumed" when a plaintiff does not otherwise specify, this Court has nevertheless liberally construed such complaints as alleging both individual and official capacity claims against the official. *See Phelan v. Norville*, Civil Action No. 5:10-CV-029-C, 2010 WL 11515176, at *3 (N.D. Tex. Nov. 5, 2010) (citation omitted); *LaFontaine v. Mail Room*

*Employees*, No. Civ.A. 501CV220C, 2004 WL 1380521, at *3 (N.D. Tex. June 21, 2004) ("Although Plaintiff does not specifically state whether he is suing the Defendants in their official capacities, individual capacities, or both, the Court shall construe his complaint to raise both official and individual capacity claims."); *see also Bazan v. Whitfield*, CIVIL ACTION NO. 5:15-CV-185-BQ, 2017 WL 568863, at *2 (N.D. Tex. Jan. 13, 2017) (acknowledging that defendants' motion presumed both official and individual capacity claims given the complaint's ambiguity, and court also "[l]iberally constru[ed] [plaintiff's] Complaint" as asserting claims "in both an official and individual capacity"). Because Stephenson's Amended Complaint does not specifically state whether he intends to sue Defendants in their official capacities, individual capacities, or both, the Court addresses Defendants' official capacity argument below.

### C. Stephenson's failure to timely update his mailing address does not provide a basis for dismissal of his claims.

Defendants principally argue that Stephenson's claims in this action should be dismissed for failure to prosecute. Mot. 1–2. They assert that Stephenson "has failed to keep the clerk's office informed of his current address, as reflected in the returned mail in Docket Entries 36 and 40" and as required by the Court's orders. *Id.* at 1 (emphasis omitted). Since the filing of their motion, however, Stephenson has updated his address with the Court. *See* ECF No. 43 (Notice of Change of Address, filed Jan. 14, 2021). Dismissal for want of prosecution is therefore not appropriate. *See* Fed. R. Civ. P. 41(b) (providing that dismissal may be appropriate where a "plaintiff fails to prosecute or to comply with these rules or a court order").

### D. Any claim against Defendants in their official capacities should be dismissed.

Defendants also seek dismissal under Rule 12(b)(6) of any claim Stephenson attempts to raise against them in their official capacities. Mot. 5. Defendants contend that any official capacity claim "is not well-pleaded" and must therefore be dismissed for failure to state a claim upon which

relief can be granted. *Id.* Specifically, Defendants argue that Stephenson has failed to plead facts supporting a municipal liability claim—i.e., that Defendants' isolated actions were the result of an official policy or custom. *See id.* at 5–9.

The Court need not delve into a detailed analysis of whether Stephenson has pleaded adequate facts to support a municipal liability claim because, even construing his pleadings liberally, as the Court must, Stephenson has not pleaded *any* facts giving rise to a municipal liability claim. To state a successful municipal liability claim, a plaintiff must demonstrate the following elements: (1) a policymaker; (2) an official policy; and (3) a policy or custom "whose 'moving force'" causes a violation of constitutional rights. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "[W]hen a municipal entity enacts a facially valid policy but fails to train its employees to implement it in a constitutional manner, that failure constitutes 'official policy' that can support municipal liability if it 'amounts to deliberate indifference.'" *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 624 (5th Cir. 2018) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)); *see Hobart v. City of Stafford*, 784 F. Supp. 2d 732, 750 (S.D. Tex. 2011) (explaining that a city's failure to train its employees may constitute a "policy" in narrow instances).

Here, Stephenson does not state that he is suing Defendants in their official capacities,[5] nor does he contend that the alleged use of force was the result of an official policy or pervasive practice. *See* Am. Compl. 1–7; *see also* ECF No. 8-1, at 1–49. Similarly, Stephenson does not name an official policymaker as a defendant, and his pleadings only discuss one isolated incident. Thus, to the extent Stephenson asserts claims against Defendants in their official capacities, such

---

[5] An official capacity suit generally amounts to a suit against the entity of which the officer is an agent—e.g., a suit against a sheriff's deputy in his official capacity amounts to a suit against the sheriff's office. *See Monell*, 436 U.S. at 690 n.55

claims should be dismissed. *See, e.g.*, *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (explaining that to state a successful claim for municipal liability, plaintiffs "must point to more than the actions of a [defendant] employee, they must identify a policymaker with final policymaking authority and a policy that is the moving force behind the alleged constitutional violation" (internal quotation marks omitted)); *Crooks v. Thomas*, 78 F. App'x 981, 983 (5th Cir. 2003) (explaining that official capacity liability "can attach only when the claimed unconstitutional conduct implements or executes a policy or when a constitutional deprivation results from governmental custom" and "[a]n isolated incident is not sufficient to show such a custom").

### III.     Recommendation

For the foregoing reasons, the undersigned recommends that Defendants' motion to dismiss the official capacity claim should be granted, and any claim against Defendants in their official capacities should be dismissed with prejudice. Because Defendants have not answered the claims Stephenson alleges against them in their individual capacities, the undersigned recommends that Defendants be required to answer or otherwise respond to the individual capacity claims.[6]

### IV.     Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made,

---

[6] Based on the substance of Stephenson's claims and the relief he seeks, the Court understands Stephenson as raising individual capacity claims against Defendants. *See Senu-Oke v. Jackson State Univ.*, 521 F. Supp. 2d 551, 556 (S.D. Miss. 2007) (providing that in the Fifth Circuit, "if it is not clear from allegations of the complaint whether a defendant has been sued in his official or individual capacity, the court must look to the substance of the claims, the relief sought, and the course of the proceedings to determine in which capacity the defendant is sued"). Moreover, as previously noted, Defendants acknowledge that Stephenson has asserted individual capacity claims against them. *See* Mot. 4, 9.

state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: February 26, 2021.

_____
**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**

8